989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Edward HUGGINS, Defendant-Appellant.
 No. 92-5553.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-92-22-G, CR-92-25-S, CR-92-105-G, CR-92-125-G, CR-92130-G)
 James W. Swindell, High Point, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Raymond Edward Huggins pled guilty to a charge of bank robbery, 18 U.S.C.A. § 2113(a), (d) (West 1984 & Supp. 1992), and to a charge of carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1) (1988). Huggins appeals the sentence imposed, alleging that the district court erroneously concluded that his North Carolina conviction for felonious breaking and entering was a proper predicate offense for sentence enhancement under the federal sentencing guidelines. Because we hold that his prior North Carolina conviction for breaking and entering was properly treated as a crime of violence, we affirm the conviction and sentence.
 
 I.
 
 2
 Huggins's criminal history was undisputed. He had been charged in a North Carolina indictment with felonious breaking and entering, see N.C. Gen. Stat. § 14-54(a) (1986), felonious larceny, see N.C. Gen. Stat. § 14-72(b)(2) (1986), and felonious possession of stolen goods, see N.C. Gen. Stat. § 14-72(c) (1986), and pleaded guilty to one count of breaking and entering and one count of larceny.[1]
 
 
 3
 After considering Huggins's criminal record, the district court sentenced him as a career offender, pursuant to sections 4B1.1, United States Sentencing Commission, Guidelines Manual (Nov. 1991), to imprisonment for 210 months for Count One and 60 months for Count Two, running consecutively, supervised release for five years and restitution of $15,108.50.
 
 
 4
 Huggins argues that the district court erroneously ruled that his past conviction of breaking and entering was a crime of violence. On appeal, he contends that since he broke into a "recreational cabin,"[2] he was not convicted of a crime of violence.[3] We disagree. Since the warrant for his arrest and the indictment identified the structure as a dwelling, Huggins's previous conviction was clearly a crime of violence, and thus proper predicate for the enhanced sentence.
 
 II.
 
 5
 Under the guidelines, a defendant is a career offender if (1) he was at least 18 when he committed the instant offense; (2) the offense was a felony and a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1. Furthermore, a crime of violence is "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2. (emphasis added).
 
 
 6
 Section 4B1.1 does not call for an inquiry into the specific facts of the underlying conduct and instead, merely requires a "categorical" review of the indictment. See United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3799 (U.S. 1992). Therefore, we review the offense charged, and not Huggins's underlying conduct. Since Huggins's indictment and arrest warrant specifically charged him with breaking and entering of a dwelling, we find that his prior conviction clearly falls within the category of violent crimes under U.S.S.G. § 4B1.1.
 
 
 7
 We, therefore, affirm the district court. We deny Huggins's motion to reconsider oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The indictment to which Huggins pled guilty alleged that Huggins "unlawfully, willfully and feloniously did break and enter a building occupied by Wesley J. Denham used as a residence located at Rockingham, North Carolina with the intent to commit a felony therein: larceny." (emphasis added). The Warrant for Arrest indicated that Huggins "unlawfully, willfully and feloniously did break and enter a building occupied by Wesley J. Denham used as a dwelling located at Ledbetter Road, Rockingham, NC with the intent to commit a felony therein: larceny." (emphasis added)
 
 
 [2]
 At his sentencing hearing, Huggins introduced a signed and notarized letter from the owner of the building which he had broken into, which stated that the building was not a residence but was a"recreational cabin."
 
 
 [3]
 Huggins concedes that a North Carolina conviction of breaking and entering of a dwelling is a crime of violence pursuant to U.S.S.G. § 4B1.2. See United States v. Raynor, 939 F.2d 191, 196 (4th Cir. 1991)